# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DEWELLEYN LASLEY**  PETITIONER

v.  No. 1:18CV229-MPM-DAS

**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI, ET AL.**  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Dewelleyn Lasley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Lasley responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Mr. Lasley pled guilty to attempted robbery in the Circuit Court of Alcorn County, Mississippi, and was sentenced by Order filed April 7, 2009, to a term of fifteen years with "credit for time served with balance suspended" followed by five years of post-release supervision and Lasley being placed on supervised probation for the first five years of his sentence. *See* Exhibit A (Sentencing Order and Transcript of plea and sentencing hearing). On October 1, 2009, the Alcorn County Circuit Court entered an "Order of Modification of Post-Release Supervision," finding that Lasley should remain on post-release supervision, despite his failure to meet the conditions of his post-release supervision and setting a payment deadline and schedule for monthly fees. *See* Exhibit B. The court's order further provided that, if Lasley "fails to abide by all original terms and conditions or fails to make scheduled payments on supervision fees and court ordered monies, he will be brought back before the court for revocation proceedings." *Id.* Shortly thereafter, on December 3, 2009, the trial court entered an "Order Revoking Post-Release Supervision, Imposition of Sentence, Followed

by Post Release Supervision," finding that Lasley had violated the terms of his post-release supervision, revoking the prior order suspending his sentence and ordering that Lasley be required to serve five years in the custody of the Mississippi Department of Corrections (MDOC). *See* Exhibit C. The order further provided that the remaining nine years would continue as suspended, conditioned on Lasley's good behavior and ordered that, upon his release from the MDOC, Lasley would be placed on post-release supervision for five years. *Id.*

The records of the Alcorn County Circuit Court reflect that Lasley filed a "Motion for Sentence Modification," that he failed to date, but which was stamped as "filed" in that court on April 7, 2011. *See* Exhibit I. This motion for post-conviction relief was denied by Order filed October 1, 2014. *See* Exhibit J. The docket of the Alcorn County Circuit Court reflects that Lasley did not appeal the trial court's decision (*see* Exhibit K), and the Mississippi Supreme Court's records, as posted on the court's official website, do not reflect that any such appeals have been filed in that court.

Lasley's discharge certificate reflects that he was released on June 24, 2012, and that he was "remanded to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of this sentence under the jurisdiction of the court." *See* Exhibit D.

On February 26, 2013, Lasley's post-release supervision was revoked again, and he was ordered to serve a term of nine years in the custody of the MDOC, with four years suspended, followed by four years of post-release supervision. *See* Exhibit E (Order and Transcript of revocation). Lasley states in his petition, and his MDOC records confirm, that he was released on September 12, 2015, after serving the five years imposed by the court's 2013 order. Lasley's discharge certificate reflects that, upon his discharge, he was "remanded to the supervision of the

Mississippi Probation and Parole Board to complete the suspended portion of this sentence under the jurisdiction of the Court." *See* Exhibit F.

However, Lasley again violated the terms of his supervision, and on June 13, 2018, the Alcorn County Circuit Court entered an Order revoking Lasley's post-release supervision and sentenced Lasley to serve four years in the custody of the MDOC. *See* Exhibit G. Lasley's inmate time computation sheet reflects that he is currently serving the four years imposed in June 2018. *See* Exhibit H.

In the instant petition, Mr. Lasley raises four grounds for relief, all of which challenge his 2009 plea and sentence. He argues: (1) defective indictment; (2) ineffective [assistance] of counsel- failed to research, misadvised petitioner with regard to discovery and failed to show or discuss the plea petition with petitioner, nor did petitioner sign one; (3) violated due process – not sentenced until April 7, 2009, and discovery dated and signed November 14, 2008; and (4) [sentence] exceeded the maximum penalty. ECF Doc. 1.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Lasley's grounds for relief involve only his 2009 guilty plea and sentence, as he has not raised any claims regarding his subsequent revocations.[1]  By statute, there is no direct appeal from a guilty plea.  *See* Miss. Code Ann. § 99-35-101.  Accordingly, respondents submit that Lasley's conviction became final on April 7, 2009, the date on which he was sentenced on his guilty plea.  *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  Thus, his deadline to seek federal *habeas corpus* relief became April 7, 2010 (April 7, 2009 + 1 year).  Mr. Lasley did not file a proper application for post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 7, 2010, to toll the period of limitation;[2] as such, his deadline to file a petition for a writ of *habeas corpus*

---

[1] A challenge to his February 2013 revocation would likewise be untimely by over four years, as well as procedurally defaulted as unexhausted, because Mr. Lasley has filed nothing in state court challenging that revocation, and the deadline to do so has expired.  Though a challenge to Mr. Lasley's 2018 revocation might well be timely, he has not exhausted his avenues of relief in state court as to that revocation.  As such, the court would have to dismiss a challenge to the 2018 revocation as unexhausted.

[2] As Mr. Lasley's state post-conviction motion was filed on April 7, 2011, a year *after* the federal *habeas corpus* deadline expired, it did not operate to toll the federal one-year limitations period.

remained April 7, 2010.  *See Roberts, supra; Flanagan, supra*; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on October 17, 2018, and the date it was received and stamped as "filed" in the district court on October 26, 2018.  Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over eight years after the April 7, 2011, filing deadline.  The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling, as he has not shown that he was actively misled or prevented in an extraordinary way from asserting his rights.  *See Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).  For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of March, 2019.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**